**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
BLAIR A. NICHOLAS (Bar No. 178428)
blairn@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

    -and-

GERALD H. SILK
AVI JOSEFSON
JOHN C. BROWNE
jerry@blbglaw.com
avi@blbglaw.com
johnb@blbglaw.com
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Counsel for M.Arkin (1999) LTD and
Arkin Communications LTD,
and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN MORAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOVIS ONCOLOGY, INC., PATRICK J. MAHAFFY, and ERLE T. MAST,<br><br>Defendants. | Case No.: 3:15-cv-05323-RS<br><br>**NOTICE OF MOTION AND MOTION OF M.ARKIN (1999) LTD AND ARKIN COMMUNICATIONS LTD TO TRANSFER VENUE TO THE DISTRICT OF COLORADO PURSUANT TO THE FIRST-TO-FILE RULE AND 28 U.S.C. § 1404(a), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>CLASS ACTION<br><br>Date: March 10, 2016<br>Time: 1:30 p.m.<br>Dept.: Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg<br>Complaint Filed: November 20, 2015 |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

NOTICE OF MOTION AND MOTION ...............................................................................1

STATEMENT OF ISSUES ...................................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................2

I.    PRELIMINARY STATEMENT ................................................................................2

II.    RELEVANT FACTUAL AND PROCEDUAL BACKGROUND ..............................3

III.    ARGUMENT ...............................................................................................................5

    A.    Transfer Is Warranted Under The First-To-File Rule ......................................5

    B.    Transfer Is Warranted Under § 1404(a) ...........................................................6

        1.    The Private Interest Factors Support Transfer ....................................9

        2.    The Public Interest Factors Support Transfer ...................................11

        3.    This Action "Might Have Been Brought" In Colorado .....................12

CONCLUSION ....................................................................................................................12

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Allegiance Healthcare Corp. v. London Int'l Grp., PLC*,
  No. C 97-4619 SC, 1998 WL 328624 (N.D. Cal. June 17, 1998) ..........................................7

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
  946 F.2d 622 (9th Cir. 1991) ...............................................................................................5

*Buckman-Falduti v. KinderCare Learning Ctr., Inc.*,
  No. 08-4778 CW, 2009 WL 248247 (N.D. Cal. Feb. 2, 2009).............................................8

*Chang v. Flagstar Bank FSB*,
  No. 13-CV-05785-JST, 2014 WL 1245261 (N.D. Cal. Mar. 24, 2014) ...............................7

*Cont'l Grain Co. v. The FBL-585*,
  364 U.S. 19 (1960)................................................................................................................8

*F.T.C. v. Wright*,
  No. 2:13-CV-2215-HRH, 2014 WL 1385111 (D. Ariz. Apr. 9, 2014) .....................10, 11, 12

*Gerin v. Aegon USA, Inc.*,
  No. C06-5407 SBA, 2007 WL 1033472 (N.D. Cal. Apr. 4, 2007) ..................................7, 11

*Global Hawk Ins. Co. v. Vega*,
  No. 15-CV-02093-YGR, 2015 WL 7720801 (N.D. Cal. Nov. 30, 2015).................9, 11, 12

*Herer v. Ah Ha Publ'g, LLC*,
  927 F. Supp. 2d 1080 (D. Or. 2013) ....................................................................................6

*Hernandez v. Union Pac. R.R. Co.*,
  No. C 04-04899 JW, 2005 WL 396614 (N.D. Cal. Feb. 18, 2005) ................................8, 10

*Jolly v. Purdue Pharma L.P.*,
  No. 05-CV-1452H, 2005 WL 2439197 (S.D. Cal. Sept. 28, 2005)..................................8, 11

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
  787 F.3d 1237 (9th Cir. 2015) ..............................................................................................6

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ..............................................................................................2, 6

*Sec. Investor Prot. Corp. v. Vigman*,
  764 F. 2d 1309 (9th Cir. 1985) ............................................................................................9

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
  967 F. Supp. 2d 1289 (N.D. Cal. 2013) ...............................................................................6

**RULES AND STATUTES**

Fed. R. Civ. P. 45(c) ........................................................................................................10

15 U.S.C. § 78aa(a) .......................................................................................................8,12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .......................................................................................5

28 U.S.C. § 1404(a) ................................................................................................ *passim*

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | PLEASE TAKE NOTICE that on a date and at a time designated by the Court, before the |
| 3 | Honorable Richard Seeborg, at the United States District Court for the Northern District of |
| 4 | California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 3, 17th |
| 5 | Floor, San Francisco, California 94102, M.Arkin (1999) LTD ("M.Arkin (1999)") and Arkin |
| 6 | Communications LTD ("Arkin Communications") will respectfully move this Court for an entry |
| 7 | of an Order, pursuant to the first-to-file rule and 28 U.S.C. § 1404(a), transferring the above-|
| 8 | captioned action to the United States District Court for the District of Colorado and granting any |
| 9 | such further relief as the Court may deem just and proper. |
| 10 | This Motion is made on the grounds that two virtually identical securities class actions |
| 11 | were already pending against Clovis Oncology, Inc. ("Clovis" or the "Company) in the District of |
| 12 | Colorado when the plaintiff filed the above-captioned matter. This Motion is also made on the |
| 13 | grounds that the public and private interest factors used to evaluate transfer under § 1404(a) and |
| 14 | the interests of justice strongly counsel in favor of transfer to Colorado. Clovis maintains its |
| 15 | principal executive offices in Boulder, Colorado, which is where most, if not all, of the relevant |
| 16 | documents and witnesses are located, where the individual defendants reside and work, and where |
| 17 | most, if not all, of the false statements at issue in this case were prepared. The plaintiff that filed |
| 18 | this action is not alleged to have any connection to the Northern District of California, and as the |
| 19 | presumptive Lead Plaintiff in this matter, M.Arkin (1999)'s and Arkin Communications' choice |
| 20 | to litigate this case in the District of Colorado is entitled to substantial deference. |
| 21 | M.Arkin (1999) and Arkin Communications respectfully request oral argument. |
| 22 | This Motion is based upon this Notice of Motion, the accompanying Memorandum of |
| 23 | Points and Authorities in support thereof, the Declaration of Blair A. Nicholas in Support of the |
| 24 | Motion of M.Arkin (1999) LTD and Arkin Communications LTD to Transfer Venue to the District |
| 25 | of Colorado Pursuant to the First-to-File Rule and 28 U.S.C. § 1404(a) filed herewith and all |
| 26 | exhibits attached thereto (the "Nicholas Decl."), the pleadings and other filings herein, and such |
| 27 | other written or oral argument as may be permitted by the Court. |
| 28 | WHEREFORE, M.Arkin (1999) and Arkin Communications respectfully request that the |

Court transfer this action to the United States District Court for the District of Colorado pursuant to the first-to-file rule and § 1404(a), and grant any such further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES**

1. Whether the first securities class action filed against Clovis was lodged in the District of Colorado.

2. Whether the issues and parties in the securities class actions pending against Clovis in the District of Colorado and this District are substantially similar.

3. Whether the private and public interest factors support transfer to the District of Colorado.

4. Whether this action might have been brought in the District of Colorado.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. PRELIMINARY STATEMENT**

This case should be transferred to the District of Colorado pursuant to the first-to-file rule and § 1404(a). There were already two cases pending in the District of Colorado before Judge Raymond P. Moore and Judge R. Brooke Jackson when plaintiff filed the instant action. All three cases are securities class actions, assert the same claims against the same defendants, request the same relief on behalf of virtually identical classes of investors, and arise out of the same common nucleus of operative facts. The first-to-file rule is well-settled in the Ninth Circuit and there is no compelling reason to depart from it here. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). The plaintiff that filed this action does not allege that he has any connection to this District, and the only specific allegation regarding defendants' connection to this jurisdiction is that the Company maintains an office in San Francisco.

Transfer of this case to the District of Colorado is also supported by § 1404(a) and applicable Ninth Circuit precedent. The District of Colorado is a proper venue for this litigation—three virtually identical securities class actions are already pending there—and the private and public interest factors used to evaluate a § 1404(a) motion to transfer strongly support transfer to Colorado. Indeed, none of the factors favor this case remaining in California. The vast majority

of relevant books, records, and witnesses are located in Colorado, as that is where Clovis maintains its corporate headquarters; where the individual defendants reside and work; and where most, if not all, of the false statements that form the basis of this lawsuit were prepared. Because the relevant witnesses and documents are located in Colorado, the costs and inconveniences associated with this litigation will be substantially less if the case is transferred to Colorado. Defendants also have a strong local interest in having this case decided in Colorado, which is the District in which the events giving rise to their fraud occurred, and where they maintain their business and residence. As noted, the plaintiff that filed this action is not alleged to have any connection to this District, and as the presumptive Lead Plaintiff in this matter, M.Arkin (1999)'s and Arkin Communications' choice to litigate this case in the District of Colorado is entitled to substantial deference. Because the § 1404(a) factors and the interests of justice overwhelmingly favor transfer to Colorado and the first-filed action was lodged in Colorado, the Court should transfer this matter to the District of Colorado pursuant to the first-to-file rule and § 1404(a).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2015, investors filed two securities class actions against Clovis and certain of its senior executives in the District of Colorado. *See Medina v. Clovis Oncology, Inc.*, No. 15-cv-2546 (D. Colo. filed Nov. 19, 2015) (Nicholas Decl. Exs. A-B) and *Kimbro v. Clovis Oncology, Inc.*, No. 15-cv-2547 (D. Colo. filed Nov. 19, 2015) (Nicholas Decl. Exs. C-D). The next day, on November 20, plaintiff John Moran filed the instant securities class action (the third-filed case) in this Court.[1]

Each of these three actions allege that Clovis and certain of its senior officers (collectively, "Defendants") violated the federal securities laws by making materially false and misleading statements regarding the trial results and efficacy of the Company's most important drug named "Rociletinib," or CO-1686. *See Medina* Compl. at ¶¶1-2; *Kimbro* Compl. at ¶¶1-5; *Rocco* Compl. at ¶¶1-5. All of the actions allege that Defendants' fraud occurred over a substantially similar

---

[1] On December 14, 2015, an investor filed a third securities class action against Clovis and certain of its executives in the District of Colorado. *See Rocco v. Clovis Oncology, Inc.*, No. 15-cv-2697 (D. Colo. filed Dec. 14, 2015) (Nicholas Decl. Exs. E-F).

NOTICE OF MOTION AND MOTION OF M.ARKIN (1999) LTD AND ARKIN
COMMUNICATIONS LTD TO TRANSFER VENUE TO THE DISTRICT OF COLORADO
PURSUANT TO THE FIRST-TO-FILE RULE AND 28 U.S.C. § 1404(a), AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Case No. 3:15-cv-05323-RS]      3

period of time and assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Clovis, its Chief Executive Officer, Patrick J. Mahaffy, and its Chief Financial Offficer, Erle T. Mast. *See Medina* Compl. at ¶¶1, 5; *Kimbro* Compl. at ¶¶1, 7, 12-14; *Rocco* Compl. at ¶¶1, 7, 12-14.[2]

Specifically, all three complaints allege that Clovis repeatedly reported objective response rates ("ORR") for Rociletinib of approximately 60%, which served as the basis for the Company's New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA"), as well as Clovis' submission to the FDA to receive a Breakthrough Therapy Designation for Rociletinib. ORR measures the percentage of patients whose tumors shrink or disappear after treatment. Defendants repeatedly touted Rociletinib's ORR to investors as representing compelling clinical activity and efficacy in patients, and that the drug was primed for launch. *See Medina* Compl. at ¶¶14-22; *Kimbro* Compl. at ¶¶3, 5, 17, 31; *Rocco* Compl. at ¶¶3, 5, 17, 29.

Each of these complaints allege that these statements were false. On November 16, 2015, Clovis announced that the ORR for Rociletinib included in the Company's NDA and Breakthrough Therapy Designation submission to the FDA (and that was reported to investors during the Class Period) was based on immature and unconfirmed response rates. Based on the confirmed rates, Rociletinib's ORR was just 28%-34%, depending on the dosage of the drug. On this news, the price of Clovis stock declined approximately 70%, from $99.43 per share to $30.24 per share, causing investors to incur significant losses. *See Medina* Compl. at ¶¶23-24; *Kimbro* Compl. at ¶¶36-37; *Rocco* Compl. at ¶¶36-37. All three actions seek identical relief in the form of compensatory damages. *See Medina* Compl. at 18; *Kimbro* Compl. at 43; *Rocco* Compl. at 44.

The complaint filed in this action does not allege that the plaintiff has any connection whatsoever to the Northern District of California, or that this case has any other specific relation to this District other than Clovis' maintenance of an office here. *See* ECF No. 1 at ¶7. On the other hand, the District of Colorado has numerous legally significant relationships to this case.

---

[2] The *Medina* action pending in Colorado asserts claims against Clovis and Patrick J. Mahaffy, but does not name Erle T. Mast as a defendant. *See Medina* Compl. at ¶¶10-12.

Clovis maintains its headquarters in Boulder, Colorado, which is the strategic center of Clovis' business. *See id.* The individual defendants all live and work in Colorado (Nicholas Decl. Ex. G), the vast majority of the relevant books, records, and witnesses are likely located in Colorado (where the Company is based), and the situs of the events giving rise to the action (*i.e.*, the preparation and dissemination of materially false and misleading statements to investors regarding Rociletinib) all likely occurred in Colorado. In short, Colorado is the key jurisdiction where most, if not all, of the relevant information is located and the Northern District of California appears to have a relatively tenuous connection to this matter.

On January 19, 2016, six movants filed applications to be appointed Lead Plaintiff in the securities class action against Clovis in the District of Colorado. *See* Nicholas Decl. Ex. B. Three of those movants also filed motions in this District, and one movant filed a notice of filing of its motion in the District of Colorado. *See* ECF Nos. 13-15, 17. M.Arkin (1999) and Arkin Communications, with a loss of approximately $13.4 million, are the presumptive Lead Plaintiff.[3] Accordingly, M.Arkin (1999) and Arkin Communications respectfully request that the Court transfer this action to the United States District Court for the District of Colorado pursuant to the first-to-file rule and § 1404(a).

## III. ARGUMENT

### A. <u>Transfer Is Warranted Under The First-To-File Rule</u>

Pursuant to the first-to-file rule of federal comity, a district court may "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). It is well-established that when virtually identical actions are filed in different jurisdictions—such as the securities class actions at issue here—"the court which first acquired jurisdiction should try the lawsuit and no

---

[3] The PSLRA, which governs the selection of the Lead Plaintiff in this case, establishes a presumption that the Lead Plaintiff is the movant with the largest financial interest in the relief sought by the class that otherwise satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, M.Arkin (1999)'s and Arkin Communications' loss is more than five times greater than the movant with the second-largest loss and over three times greater than the loss of all movants combined.

purpose would be served by proceeding with a second action." *See Medtronic,* 678 F.2d at 95. The first-to-file rule is intended to serve the purposes of promoting efficiency and avoiding conflicting judgments. As such, it "should not be disregarded lightly." *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239-40 (9th Cir. 2015) ("When applying the first-to-file rule, court[s] should be driven to maximize economy, consistency, and comity") (internal quotations and citation omitted); *see also Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292-93 (N.D. Cal. 2013) (granting motion to transfer under the first-to-file rule).

Courts analyze three factors in determining whether to apply the first-to-file rule: (1) the chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. The rule does not require that the parties or the issues be identical, but rather that "substantial similarity" exists between the parties and issues in the cases. *See Dole*, 967 F. Supp. 2d at 1292-95.

As described above, two securities class actions were already pending against Clovis in the District of Colorado when this action was filed. Further, each of these securities class actions are virtually identical. They involve virtually the same defendants, allege the same claims based on the same underlying facts and request the same relief. While there are slight differences between the named defendants and class periods, the first-to-file rule does not require complete overlap. *See Herer v. Ah Ha Publ'g, LLC*, 927 F. Supp. 2d 1080, 1089 (D. Or. 2013) ("if parties were required to be identical, then the rule and its benefits could be easily avoided simply by adding a party or a claim to the later-filed action"). Transfer of this case to the District of Colorado will promote judicial efficiency as only one court will be tasked with managing a litigation based on these allegations, and will guard against the possibility that different courts will reach different conclusions about the same issues.

**B.     Transfer Is Warranted Under § 1404(a)**

There is an additional and independent reason why the Court should transfer this action to the District of Colorado. That District is simply the most convenient and judicially efficient forum in which to litigate the legal claims at issue here. There are currently three related securities class actions pending in the District of Colorado (Nicholas Decl. Exs. A-F); all Defendants reside and work in Colorado (Nicholas Decl. Ex. G); the events giving rise to Defendants' fraud took place

1 in Colorado; most, if not all, of the relevant documents and witnesses are likely located in
2 Colorado, where Clovis is headquartered; and the plaintiff that filed this case is not alleged to have
3 any connection to this District (ECF No. 1). For these reasons, M.Arkin (1999) and Arkin
4 Communications believe that the most efficient forum to litigate this case is the District of
5 Colorado, and that choice is to be afforded a significant amount of deference.

6 Pursuant to § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Like the first-to-file rule, the purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *See Gerin v. Aegon USA, Inc.*, No. C06-5407 SBA, 2007 WL 1033472, at *3 (N.D. Cal. Apr. 4, 2007) (internal quotations and citation omitted).

Courts in the Ninth Circuit have adopted several private and public interest factors to determine whether transfer under § 1404(a) is in the interests of justice. The private interest factors are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling; (3) the cost of obtaining attendance of willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *See Chang v. Flagstar Bank FSB*, No. 13-CV-05785-JST, 2014 WL 1245261, at *2 (N.D. Cal. Mar. 24, 2014). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Allegiance Healthcare Corp. v. London Int'l Grp., PLC*, No. C 97-4619 SC, 1998 WL 328624, at *2 (N.D. Cal. June 17, 1998).

Importantly, the pendency of related actions in the transferee forum is a significant factor in determining whether transfer would be in the "interests of justice" under § 1404(a). *Aegon,* 2007 WL 1033472, at *6. Indeed, the United States Supreme Court has recognized that transfer is an especially appropriate remedy where similar cases are pending in different Districts. *See*

*Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money"). As described above, there are currently three related securities class actions pending against Clovis in Colorado, which is a "compelling reason" to transfer this case. *See Hernandez v. Union Pac. R.R. Co.*, No. C 04-04899 JW, 2005 WL 396614, at *3 (N.D. Cal. Feb. 18, 2005) ("The most compelling reason to transfer this case is based on the interests of justice, which will be greatly benefitted by the consolidation of Plaintiff's suit," and would "remov[e] the possibility of inconsistent verdicts"); *see also Jolly v. Purdue Pharma L.P.*, No. 05-CV-1452H, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005) ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid[s] duplicitous [] litigation and inconsistent results").

Further, when considering whether to transfer venue, courts in the Ninth Circuit give significant deference to the plaintiff's choice of forum. *See Buckman-Falduti v. KinderCare Learning Ctr., Inc.*, No. 08-4778 CW, 2009 WL 248247, at *1, *3 (N.D. Cal. Feb. 2, 2009) (denying transfer given that "Plaintiffs' choice of forum is generally given great weight" and defendant failed to "meet its heavy burden of demonstrating that the interests of justice favor a transfer away from Plaintiffs' chosen forum").

This is especially true for cases brought under the Exchange Act, which in contrast to the restrictive requirements of the general venue statute, provides plaintiffs with a very liberal choice of forum. Specifically, Section 27 of the Exchange Act, 15 U.S.C. § 78aa(a), provides, in pertinent part:

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district [wherein any act or transaction constituting the violation occurred] or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C. § 78aa(a).

Congress, in drafting the venue provisions of the Exchange Act, intended to give defrauded investors the widest possible choice of forums in which to sue, and this choice of venue is entitled to substantial deference. *See Sec. Investor Prot. Corp. v. Vigman*, 764 F. 2d 1309, 1317 (9th Cir. 1985) ("[w]ithout question, the intent of the venue and jurisdiction provisions of the securities laws is to grant potential plaintiffs liberal choice in their selection of a forum. . . . the plaintiff's choice of forum should rarely be disturbed") (citations omitted). Here, M.Arkin (1999) and Arkin Communications are the presumptive Lead Plaintiff and choose the District of Colorado as the most appropriate venue to litigate the action, which is consistent with the choice of the three other plaintiffs that filed securities class actions against Defendants in Colorado. Even though the plaintiff in *Moran* chose venue in this District, that plaintiff's preference should be given no weight given that the plaintiff claims a loss of just $63,000—the least of all the Lead Plaintiff applicants—has no alleged connection to this forum, and by operation of law will have no further involvement in litigating the action. *See* Nicholas Decl. Ex. H at 1.

### 1. **The Private Interest Factors Support Transfer**

All four of the private interest factors favor transfer to the District of Colorado. The sources of proof for this case—including documents and other information pertaining to Rociletinib and the preparation of the Company's investor-related materials—were likely prepared and stored in Clovis' headquarters in Colorado. The key witnesses in this case will be the individual defendants who work and reside in Colorado (and have no alleged connection to California), and the employees involved in preparing Clovis' public disclosures pertaining to Rociletinib likely work in Colorado. *See Global Hawk Ins. Co. v. Vega*, No. 15-CV-02093-YGR, 2015 WL 7720801, at *4 (N.D. Cal. Nov. 30, 2015) (transferee forum "will be a more convenient forum for most if not all of the defendants, who are located in or near the state"). The plaintiff in this case does not allege that he has any connection to this District, that any of the Company's employees that might have relevant information work or reside in California, or that relevant documents are located in this forum. *See* ECF No. 1. As such, the relative ease of access to sources of proof weighs in favor of transfer to Colorado.

Further, the availability of compulsory process to secure the attendance of witnesses also weighs in favor of transfer. Under Federal Rule of Civil Procedure 45(c), "[a] subpoena may command a person to attend a trial, hearing or deposition . . . (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c). As addressed above, all of the individual defendants and the substantial majority of witnesses will be Clovis employees who are likely to reside in the District of Colorado. The plaintiff in this case does not reference any potential witnesses who reside, are employed, or regularly transact business within 100 miles of the Northern District of California, which is approximately 1,250 miles away from Clovis' headquarters. *See* ECF No. 1. Similarly, the plaintiff in this case does not reference any potential witnesses who reside in California. *Id.* Because the District of Colorado will be able to compel the attendance of the majority of the relevant witnesses, and the Northern District of California will likely not be able to compel the attendance of any, this factor weighs in favor of transfer to Colorado. *F.T.C. v. Wright*, No. 2:13-CV-2215-HRH, 2014 WL 1385111, at *4 (D. Ariz. Apr. 9, 2014) ("when, as here, most of the non-party witnesses would be outside the court's subpoena power, a transfer is the better solution because it will result in less cost and more live testimony").

The cost of attendance for willing witnesses to testify also supports transfer. Numerous Clovis employees and officers will likely be required to serve as witnesses, and the cost of attendance, both individually and cumulatively for the Company, will be significantly less if the case transferred to Colorado, where Clovis is based. Moreover, without transfer and the subsequent consolidation of the Clovis securities class actions, witnesses would be required to bear the expense of travelling to two identical depositions in distant locations. *See Union Pac. R.R. Co.*, 2005 WL 396614, at *2 (granting transfer when "[t]he number of appearances required of each deponent is of substantial concern to the Court"). As there are no known witnesses in the Northern District of California, and transfer to Colorado would be more convenient for all relevant witnesses, this factor favors transfer.

Finally, for the reasons discussed above, the practicalities of this case strongly counsel in favor of transfer. Given the facts at issue in this litigation and the location of the parties in Colorado, it would be significantly less efficient, more expensive, and more logistically difficult for this case to remain pending in California. *See Wright*, 2014 WL 1385111, at *4 ("It will be less costly to litigate this case in [Colorado], primarily because most of the defendants [] are domiciled or reside in [Colorado] and because most of the witnesses are located in [Colorado]"). Such inefficiencies and costs are unnecessary, as the case can and should be transferred to Colorado, where Clovis and the individual defendants reside and where the fraud occurred. Further, transferring this case to Colorado will not inconvenience the plaintiff in this case (as it will not be prosecuting the action and regardless appears to have no connection to this District) or the presumptive Lead Plaintiff, M.Arkin (1999) and Arkin Communications. Indeed, no party will suffer any prejudice if this case is transferred. This matter is at its earliest stages, M.Arkin (1999) and Arkin Communications promptly moved to transfer venue after filing their Lead Plaintiff motion, and no consolidated complaint or answer has been filed. *See. Vega*, 2015 WL 7720801, at *4 ("This litigation is still in its infancy, as the pleadings are not yet settled. The Court finds that this factor favors transfer").

### 2. **The Public Interest Factors Support Transfer**

The public interest factors also counsel in favor of transfer. As an initial matter, Defendants have a strong local interest in having localized controversies decided at home. As explained above, Clovis is based in Colorado, the individual defendants live and work in Colorado, and Clovis' public statements to investors were likely prepared, reviewed and released from that forum. Because the situs of the events giving rise to this case are centered in Colorado, and Defendants have a strong local interest in having a jury selected from their own community determine liability, this factor supports transfer. *See Aegon*, 2007 WL 1033472, at *6 ("Most importantly, [] the prospectuses and marketing materials about which Plaintiffs complain, and which are the centerpiece of this litigation, were drafted, reviewed, edited and approved in [Colorado], and thus the operative facts on which the complaint is based transpired in [Colorado]"); *see also Purdue Pharma*, 2005 WL 2439197, at *2 (granting transfer when defendants' representations to public

occurred in the jurisdiction where the company is headquartered); *Vega*, 2015 WL 7720801, at *5 (granting transfer when "many of the specific events at issue in this dispute occurred in or around the [transferee forum]"). The complaint in this case does not allege any specific facts demonstrating how the Northern District of California has a local interest in adjudicating this action, other than that Clovis maintains an office in this District, or why citizens of California should be burdened with jury duty in adjudicating this action.

The administrative difficulties flowing from court congestion also counsel in favor of transfer. As of June 30, 2015, the median time from filing to trial of a civil case in this District was 31.6 months, as opposed to just 27 months in the District of Colorado. In addition, there were 6,424 cases pending (459 per judgeship) in the Northern District of California, compared to just 3,155 cases pending (451 per judgeship) in the District of Colorado as of June 30, 2015. *See* Nicholas Decl. Ex. I.

Finally, the Northern District of California and the District of Colorado are both familiar with the federal securities laws that will govern this case, and there is no issue pertaining to conflicts of laws. Accordingly, these factors are neutral, and the strong weight of the private and public interest factors, the interests of justice, as well as the substantial deference afforded to the presumptive Lead Plaintiff's choice of forum warrant transfer to the District of Colorado. *See Wright*, 2014 WL 1385111, at *2 (familiarity with the governing law is a neutral factor when case involves federal claims).

### 3. This Action "Might Have Been Brought" In Colorado

There can be no serious dispute that this action "might have been brought" in the District of Colorado, as required by § 1404(a). There are three substantially identical securities class actions pending against Defendants in Colorado, Clovis maintains is principal place of business in Colorado, and all of the individual defendants reside in Colorado. *See* 15 U.S.C. § 78aa(a).

### CONCLUSION

For the reasons discussed above, M.Arkin (1999) and Arkin Communications respectfully request that the Court transfer the instant action to the United States District Court for the District

of Colorado pursuant to the first-to-file rule and 28 U.S.C. § 1404(a), and grant any such further relief as the Court may deem just and proper.

Dated: February 2, 2016

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP

*/s/ Blair A. Nicholas*
BLAIR A. NICHOLAS

Blair A. Nicholas (Bar No. 178428)
(blairn@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

-and-

GERALD H. SILK (*pro hac vice forthcoming*)
(jerry@blbglaw.com)
AVI JOSEFSON (*pro hac vice forthcoming*)
(avi@blbglaw.com)
JOHN C. BROWNE (*pro hac vice forthcoming*)
(johnb@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Counsel for M.Arkin (1999) LTD and
Arkin Communications LTD,
and Proposed Lead Counsel for the Class*

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP

 */s/ Blair A. Nicholas*
BLAIR A. NICHOLAS

Blair A. Nicholas (Bar No. 178428)
(blairn@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

*Counsel for M.Arkin (1999) LTD and
Arkin Communications LTD,
and Proposed Lead Counsel for the Class*

---

NOTICE OF MOTION AND MOTION OF M.ARKIN (1999) LTD AND ARKIN COMMUNICATIONS LTD TO TRANSFER VENUE TO THE DISTRICT OF COLORADO PURSUANT TO THE FIRST-TO-FILE RULE AND 28 U.S.C. § 1404(a), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Case No. 3:15-cv-05323-RS]   1